# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                            Case No.: 8:16-cr-119-T-36MAP

FELIX GEOVANY CASTRO ABREGO,

       Defendant.

_____/

# **O R D E R**

This matter comes before the Court upon the Defendant's Motions for an Order Compelling the United States to Move Under Rule 35, Federal Rules of Criminal Procedure (Docs. 107 and 108) and the United States' response (Doc. 109). In the motions, Defendant argues that he provided substantial assistance to the Government and it must now respond to his request to move for a reduction to his sentence under Federal Rule of Criminal Procedure 35. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motions.

## I.    STATEMENT OF FACTS

Defendant was sentenced to a term of incarceration of 87 months on September 22, 2016 (Doc. 83). After sentencing, Defendant claims he provided useful information and testimony to the Government involving the prosecution of Winder Blanco [sic].

## II.    LEGAL STANDARD

Under Rule 35(b), "[u]pon the government's motion," the district court may reduce a defendant's sentence if the defendant provided substantial assistance in investigating or prosecuting another defendant. Fed. R. Crim. P. 35(b). When the defendant has provided substantial assistance, the government has the power, but not the duty, to file a substantial

assistance motion. *See Wade v. United States*, 504 U.S. 181, 185 (1992) (addressing the government's failure to file a substantial assistance motion in the U.S.S.G. § 5K1.1 context); *United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (applying *Wade* in the Rule 35(b) context).

Federal courts may review the government's refusal to file a substantial assistance motion only if the defendant makes a "substantial threshold showing" that the refusal was based on an unconstitutional motive, such as race or religion. *Wade*, 504 U.S. at 185–86. However, "[a] defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009). However, "judicial review *is* appropriate when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation…." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

## III. DISCUSSION

Here, Defendant seeks a post-sentence reduction because he cooperated with the Government in providing useful information and testimony against Winder Blanco [sic]. Defendant argues that he has fully cooperated with authorities and provided information that assisted in the extradition, arrest, and prosecution of Winder Blanco. Defendant further alleges that he testified at Winder Blanco's trial.

In response, the Government argues that Defendant has not provided substantial assistance. The responding Assistant United States Attorney ("AUSA") contacted the case agent regarding any post-sentencing assistance Defendant may have provided. The case agent interviewed

Defendant about Wilter Blanco, at which time Defendant indicated that he never worked for Blanco. The AUSA further responds that Wilter Blanco was extradited and prosecuted, but the Government has no information on any assistance or cooperation that Defendant provided. The AUSA who prosecuted Wilter Blanco indicates that he has never heard of Felix Geovany Castro Abrego and never used him as a witness. Moreover, the AUSA states that Wilter Blanco pleaded guilty and never went to trial, so witnesses were never called to testify against him.

After careful consideration, this Court finds that Defendant's motions are without merit. Indeed, the record is devoid of any evidence of law enforcement action taken as a result of Defendant's cooperation. Moreover, Defendant has neither alleged nor provided a substantial showing that the Government's refusal to file a Rule 35 motion for reduction of sentence is based on a constitutionally impermissible motive. Therefore, Defendant's motions will be denied.

Accordingly, it is hereby **ORDERED**:

1.      Defendant's Motion for an Order Compelling the United States to Move Under Rule 35, Federal Rules of Criminal Procedure (Doc. 107) is **DENIED**.

2.      Defendant's Motion for an Order Compelling the United States to Move Under Rule 35, Federal Rules of Criminal Procedure (Doc. 108) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on May 28, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any